

1  Kevin Mahoney, Esq. (SBN: 235367)
   kmahoney@mahoney-law.net
2  Dionisios Aliazis, Esq. (SBN:291170)
   daliazis@mahoney-law.net
3  Alina Mazeika, Esq. (SBN:303840
   amazeika@mahoney-law.net)
4  **MAHONEY LAW GROUP, APC**
   249 E. Ocean Blvd., Ste. 814
5  Long Beach, CA 90802
   Telephone: (562) 590-5550
6  Facsimile: (562) 590-8400

7  Attorneys for Plaintiff CRESENCIO AVILA as individual and on behalf of all employees
8  similarly situated

FILED
Superior Court of California
County of Los Angeles

MAR 09 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Shaunya Bolden

9
10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                       **THE COUNTY OF LOS ANGELES**

12  CRESENCIO AVILA, as an individual, and    Case No.:    BC 653093
    on behalf of all similarly situated employees,
13                                              **CLASS ACTION**
              Plaintiff,
14                                              **COMPLAINT FOR DAMAGES**
       v.                                       **INJUNCTIVE RELIEF AND**
15                                              **RESTITUTION**
    AMERIGAS PROPANE, INC. and DOES 1
16  through 50, inclusive,                      1. Failure to Pay Minimum Wage and
                                                   Overtime Wages;
17                                              2. Failure to Provide Meal Periods;
              Defendant.                        3. Failure to Provide Rest Periods;
18                                              4. Failure to Keep Accurate Payroll
                                                   Records;
19                                              5. Failure to Pay Wages Upon Ending
20                                                 Employment; and
                                                6. Unfair Competition (Business and
21                                                 Professions Code § 17200 et seq.).
22
23                                              **DEMAND FOR JURY TRIAL**
24

CIT/CASE:
LEA/DEF#:

RECEIPT #:  CCH465980033
DATE PAID:  03/09/17  02:33
PAYMENT #:                PM
RECEIVED:                 310
    CHECK:
    CASH:        $1,000.00
    CHANGE:      $0.00
    CARD:        $0.00
                 $0.00

CIT/CASE:  BC653093
LEA/DEF#:

RECEIPT #:  CCH465980032
DATE PAID:  03/09/17  02:33
PAYMENT #:  $435.00     PM
RECEIVED:               310
    CHECK:
    CASH:       $435.00
    CHANGE:     $0.00
    CARD:       $0.00
                $0.00

CIT/CASE:  BC653093
LEA/DEF#:

03/03/2017

25
26
27
28

                   CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff CRESENCIO AVILA (hereinafter "Mr. Avila" or "Plaintiff") on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     This is a class action brought on behalf of Plaintiff CRESENCIO AVILA (hereinafter "Mr. Avila" or "Plaintiff") and the class he seeks to represent ("Plaintiff Class"), as defined herein, as all non-exempt employees employed by or formerly employed by Defendant AMERIGAS PROPANE, INC. (hereinafter "API" or "Defendant").   The Plaintiff Class consists of all non-exempt employees employed by or formerly employed by API within the State of California who are California Citizens at the time of the filing of this Complaint." The "Class Period" is defined as the four (4) years prior to the filing of the Complaint through the date final judgment is entered.  Plaintiff reserves the right to amend this Complaint to reflect a different "Class Period" as further discovery is conducted.

2.     Plaintiff individually and on behalf the class he seeks to represent, seeks relief against Defendants for (1) failure to pay all wages due, including minimum, regular, and overtime wages as a result of Defendants' policy of improperly paying its non-exempt hourly employees; (2) failure to provide meal and rest periods or compensation in lieu thereof; (3) failure to pay wages of terminated or resigned employees; and (4) failure to provide accurate itemized wage statements upon payment of wages.  Plaintiff further seeks equitable remedies in the form of declaratory relief and injunctive relief, and relief under Business and Professions Code section 17200 et seq. for unfair business practices.

3.     At all relevant times herein, API and each Defendant, have consistently maintained and enforced against Plaintiff Class the following unlawful practices and policies: a) willfully refusing to pay Plaintiff and Plaintiff Class for all hours worked, including minimum wage and overtime; b) failing to provide Plaintiff and Plaintiff Class with meal and/or rest periods or compensation in lieu thereof; c) willfully refusing to compensate Plaintiff and members of the Plaintiff Class wages due and owing at the time Plaintiff's and Plaintiff Class' employment with Defendants ended; d) willfully refusing to furnish to Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages.

CLASS ACTION COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

4.      Venue is proper in this judicial district and the County of Los Angeles, because the Defendant maintains its location and transacts business in this county, the obligations and liability arise in this county, and work was performed by Plaintiff and members of the proposed class made the subject of this action in the County of Los Angeles, California.

5.      The California Superior Court has jurisdiction in the matter because the individual claims are under the seventy-five thousand dollars ($75,000.00) jurisdictional threshold for Federal Court. Upon information and belief, Plaintiff is a resident of and/or domiciled in the State of California. Defendant is a Corporation headquartered in Pennsylvania, and doing business in the state of California.

6.      Further, there is no federal question at issue as the issues herein is based solely on California Statutes and law including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure, Rule of Court, and Business and Professions Code.

## THE PARTIES

**A.      The Plaintiff**

7.      Plaintiff at various relevant times herein, was an employee of the Defendant and entitled to compensation for all hours worked, overtime compensation, and penalties from Defendant. Plaintiff was employed by the Defendant at sometime within the four (4) years prior to the commencement of this action, in the County of Los Angeles at various times herein relevant. Plaintiff was employed by the Defendant during the Class Period in a non-exempt hourly position. Each of the Plaintiff Class members are identifiable, current and/or formerly similarly situated persons who were employed in non-exempt hourly positions in California for the Defendant during the Class Period.

**B.      The Defendant**

8.      Plaintiff is informed and believes, and based thereon alleges, that API is a Pennsylvania corporation, and is and/or was the employer of the Plaintiff and Plaintiff Class during the Class Period. During the liability period, Defendant employed Plaintiff and similarly

CLASS ACTION COMPLAINT FOR DAMAGES

1 situated persons and failed to pay Plaintiff and Plaintiff Class for all hours worked, including

2 minimum wage, overtime premium for overtime hours worked, failed to provide meal periods

3 or pay a meal period penalty in lieu of, failed to provide rest periods or pay a rest period penalty

4 in lieu of, and failed to pay due and owing wages upon ending of employment for employees

5 within California. Plaintiff is informed and believes, and based thereon alleges, that Defendant

6 is conducting business in good standing in California.

7      9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of

8 participation in the conduct herein alleged, of the Defendant sued herein as DOES 1 through 50,

9 inclusive, but on information and belief alleges that said Defendant is legally responsible for the

10 payment of overtime compensation, rest and meal period compensation and/or Labor Code §

11 203 penalties to the Plaintiff Class members by virtue of their unlawful practices, and therefore

12 sue these Defendant by such fictitious names. Plaintiff will amend this complaint to allege the

13 true names and capacities of the DOE Defendant when ascertained.

14      10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant

15 acted in all respects pertinent to this action as the agent of the other Defendant, carried out a

16 joint scheme, business plain or policy in all respects pertinent hereto, and the acts of each

17 Defendant legally attributable to the other Defendant.

18 <center>**GENERAL ALLEGATIONS**</center>

19      11.     California Labor Code § 1194 provides that notwithstanding any agreement to

20 work for a lesser wage, an employee receiving less than the legal overtime compensation is

21 entitled to recover in a civil action the unpaid balance of their overtime compensation, including

22 interest thereon, reasonable attorneys' fees, and costs of suit.

23      12.     Further, Business and Professions Code § 17203 provides that any person who

24 engages in unfair competition may be enjoined in any court of competent jurisdiction. Business

25 and Professions Code § 17204 provides that any person who has suffered actual injury and has

26 lost money or property as a result of the unfair competition may bring an action in a court of

27 competent jurisdiction.

28 / / /

<center>CLASS ACTION COMPLAINT FOR DAMAGES</center>

13.     During all, or a portion of the Class Period, Plaintiff and each member of the Plaintiff Class was employed by Defendant and each of them, in the State of California. Plaintiff and each of the Plaintiff Class members were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, and Labor Code § 510, and/or other applicable wage orders, regulations and statutes, and each Plaintiff Class member was not subject to an exemption for executive, administrative and professional employees, which imposed obligations on the part of the Defendant to pay Plaintiff and Plaintiff Class members lawful overtime compensation.  Plaintiff and Plaintiff Class were covered by one or more Industrial Welfare Commission (IWC) Wage Orders, and Labor Code § 226.7 and other applicable wage orders, regulations and statutes which imposed an obligation on the part of the Defendants to pay Plaintiff and Plaintiff Class rest and meal period compensation.

14.     During the Class Period, Defendant was obligated to pay Plaintiff and Plaintiff Class Members for all hours worked.

15.     During the Class Period, Defendant was obligated to pay Plaintiff and Plaintiff Class Members minimum wages and overtime compensation for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one (1) week, and double-time for hours worked in excess of twelve (12) in one day.

16.     During the Class Period, Defendant was obligated to provide Plaintiff and Plaintiff Class with a work free meal and/or rest period(s).

17.     Plaintiff and each Class Member primarily performed non-exempt work in excess of the maximum regular rate hours set by the IWC in the applicable Wage Orders, regulations or statutes, and therefore entitled the Plaintiff and Plaintiff Class members to overtime compensation at time and a half rate, and when applicable, double time rates as set forth by the applicable Wage Orders, regulations and/or statutes.

18.     Class Members who ended their employment during the Class Period, but were not paid the above due compensation for all hours worked, overtime compensation timely upon the termination of their employment as required by Labor Code §§ 201, 202, and 203, and is entitled to penalties as provided by Labor Code § 203.

19.     During the Class Period, the Defendant and each of them, required the Plaintiff and Class members to work off the clock as well as overtime without lawful compensation, in violation of the various applicable Wage Orders, regulations and statutes, and the Defendant: (1) Willfully failed and refused, and continue to fail and refuse to pay compensation for all hours worked, including minimum wage and lawful overtime compensation to the Plaintiff Class Members; and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages promptly upon termination of employment to Plaintiff and Plaintiff Class Members.

20.     During the Class Period, Defendants, and each of them failed and/or refused to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to reasonably provide meal and/or rest breaks and/or shift relief for Plaintiff and Plaintiff Class, thereby causing members of the Plaintiff Class to work without being given paid ten (10) minute rest periods for every four (4) hours or major fraction thereof worked and without being given a thirty (30) minute meal period for shifts of at least five (5) hours and second thirty (30) minute meal periods for shifts of at least ten (10) hours during which Plaintiff Class were relieved of all duties and free to leave the premises.   Defendants further failed and/or refused to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to reasonably ensure meal and/or rest breaks were taken within the required statutory time frame as required by law.   Furthermore, Defendants failed and/or refused to pay any Plaintiff Class one (1) hour's pay at the employees' regular rate of pay as premium compensation for failure to provide rest and/or meal periods or to providing such rest and/or meal periods within the statutory time frame as a result of their scheduling policy.

## CLASS ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and all other similarly situated persons, as a class action pursuant to California Civil Code of Procedure §382 on behalf of themselves and all other similarly situated persons in the Class, which is composed of and defined as follows: All persons who are employed or have been employed by Defendants in the State of California who, within the four years of the filing of this Complaint, have worked as

- 6 -

non-exempt employees and were not paid all lawful wages as regular time, overtime, and double-regular time.

   a.   All persons who are California Citizens at the time this Complaint is filed and are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a off-duty meal periods or one hour's pay in lieu thereof, in violation of California Labor Code §§226.7 and 512;

   b.   All persons who are California Citizens at the time this Complaint is filed and are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a rest period for every four hours or major fraction thereof worked per day, off-duty meal periods or one hour's pay in lieu thereof, in violation of California Labor Code §§226.7 and 512;

   c.   All persons who are California Citizens at the time this Complaint is filed and were employed by Defendants in the State of California who, for the three years prior to the filing of this class action to the present and worked as non-exempt employees and have been terminated or resigned, that have not been paid wages pursuant to Labor Code section 203 and are owed restitution for waiting time penalties for unpaid wages;

   d.   All persons who are California Citizens at the time this Complaint is filed and are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and were not paid all wages owed, including but not limited to overtime;

   e.   All persons who are California Citizens at the time this Complaint is filed and are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and were not provided an accurate payroll record as required under Labor Code 226 and Labor Code Section §1174.

   f.   All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees who have been subjected to unlawful and unfair business practices within the meaning of Unfair Competition Law and who suffered injury, including lost money, as a result of Defendants' unlawful and unfair business practices.

   22.   Plaintiff reserves the right under Rule 1855(b), *California Rules of Court*, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

CLASS ACTION COMPLAINT FOR DAMAGES

23.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

24.     This Court should permit this action to be maintained as a class action pursuant to Code of Civil Procedure § 382 because:

(a)     The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)     The Class is so numerous that it is impractical to bring all member of the Class before the Court;

(d)     Plaintiff and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     Plaintiff and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(f)     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and in obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon the Class;

(g)     There is a community of interest in ensuring that the combined assets and available insurance of the Defendant is sufficient to adequately compensate members of the Class for the injuries sustained;

(h)     Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1)     Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standard of conduct for the Defendant; and/or

CLASS ACTION COMPLAINT FOR DAMAGES

(2)   Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be, responsible Defendant; and

(i)   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE AND OVERTIME WAGES

### (Plaintiff and Plaintiff Class Member against Defendant)

25.   Plaintiff and Plaintiff Class incorporates paragraphs 1 through 24 of this Complaint as if fully alleged herein.

26.   Plaintiff and Plaintiff Class members regularly worked over eight (8) hours per day and forty (40) hours per week. Defendant failed to pay Plaintiff, and Plaintiff Class members minimum wage for all hours worked and overtime premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendant. Defendant required Plaintiff and Plaintiff Class to be "on-call" where Plaintiff and Plaintiff Class were required to carry a company issued cell phone on various weekends and take customer calls as well as respond to customer orders and was not paid both minimum wage and overtime as a result.   Defendant also failed to schedule Plaintiff and Plaintiff Class members in such a manner that allowed Plaintiff and Plaintiff Class members to be relieved of their shift immediately, thereby causing Plaintiff and Plaintiff Class members to work in excess of eight (8) hours per day and/or forty (40) hours per week.   As such Plaintiff and Plaintiff Class seek overtime in an amount according to proof.   Pursuant to Labor Code § 1194, the Class members seek the payment of all overtime compensation which they earned and accrued four (4) years prior to filing this complaint, according to proof.

- 9 -

27.    Defendant willfully violated the Labor Code by failing to pay Plaintiff and Plaintiff Class all wages including both minimum wage and overtime.  Plaintiff and Plaintiff Class were denied proper overtime wages as a result of Defendants' policy of failing to include non-discretionary bonuses in Plaintiff and Plaintiff Class regular rate for purposes of calculating overtime."  Defendant has regularly violated the Labor Code with respect to meeting the requirements of paying wages earned, including, overtime, double-time and remuneration when calculating the employees regular rate of pay, as herein before alleged.  Defendant has intentionally excluded remuneration that must be included in all employees' regular rate of pay in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and the order issued by the IWC.

28.    Additionally, Plaintiff and Plaintiff Class members is entitled to attorneys' fees, costs, pursuant to California Labor Code § 1194 and prejudgment interest.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Plaintiff and Plaintiff Class Member against Defendant)

29.    Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 28 as if fully alleged herein.

30.    Labor Code §§ 226.7 and 512, provides that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.

31.    Labor Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

32.    Defendant, and each of them, failed to schedule non-exempt employees in an adequately overlapping manner so as to reasonably ensure Plaintiff and Plaintiff Class could take and/or receive such meal periods within the statutory timeframe.  As a result, Plaintiff and

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Class were often forced to forego meal periods and/or work during their meal periods. In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiff and Plaintiff Class in violation of Labor Code §§ 226.7 and 512 and other regulations and statutes.

33.    Furthermore, Defendant failed to provide Plaintiff and Plaintiff Class with duty free meal periods in violation of Labor Code §§ 226.7 and 512 wherein Plaintiff and Plaintiff Class were required to answer customer calls and carry a company issued cell-phone at all times while "on-call."

34.    At all times relevant hereto, Plaintiff and Plaintiff Class have worked more than five (5) hours in a workday.

35.    At varying times relevant hereto, Plaintiff and Plaintiff Class at times have worked more than ten (10) hours in a workday.

36.    At all times relevant hereto, the Defendant, and each of them, due to their failure to schedule non-exempt positions in a manner so as to reasonably provide meal and/or work free meal period as required by Labor Code §§ 226.7 and 512.

37.    By virtue of the Defendant's failure to schedule Plaintiff and Plaintiff Class in such a way as to provide meal periods, and/or work free meal periods to Plaintiff and Plaintiff Class thereby causing Plaintiff and Plaintiff Class to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

38.    Plaintiff individually, and on behalf of the Plaintiff Class, requests recovery of meal period compensation pursuant to Labor Code § 226.7 which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against these Defendant, and each of them, in a sum as provided by the Labor Code and/or other statutes.

/ / /

/ / /

/ / /

/ / /

- 11 -

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIOD OR COMPENSATION IN LIEU THEREOF

### (Plaintiff and Plaintiff Class against Defendant)

39.    Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 38 as if fully alleged herein.

40.    Labor Code § 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

41.    Labor Code § 226.7(b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

42.    Defendant, and each of them, failed and or refused to implement a relief system by which Plaintiff and Plaintiff Class could receive rest periods and/or work free rest periods. Furthermore, due to Defendant's relief system, Plaintiff and Plaintiff Class did not receive their rest periods within the required statutory time frame.  By and through their actions, Defendant intentionally and improperly denied rest periods to the Plaintiff and Plaintiff Class in violation of Labor Code §§ 226.7 and 512.

43.    Furthermore, Defendant failed to provide Plaintiff and Plaintiff Class with duty free meal periods in violation of Labor Code §§ 226.7 and 512 wherein Plaintiff and Plaintiff Class were required to answer customer calls and carry a company issued cell-phone at all times while "on-call."

44.    At all times relevant hereto, Plaintiff and Plaintiff Class, have worked more than four (4) hours in a workday.

45.    By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and Plaintiff Class as a result of their scheduling and shift relief system, Plaintiff and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

46.     Plaintiff, himself and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to Labor Code § 226.7, which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute.

## FOURTH CAUSE OF ACTION

## FAILURE TO KEEP ACCURATE PAYROLL RECORDS

### (Plaintiff and Plaintiff Class against all Defendants)

47.     Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 46 as if fully alleged herein.

48.     Labor Code §1174 (d) requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee.  Plaintiff is informed, and believes that Defendant willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

49.     Labor Code §226(a) states that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash,, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (4) all deductions…,(5) net wages, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than  a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee…"

50.     Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the

- 13 -

CLASS ACTION COMPLAINT FOR DAMAGES

employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000). Plaintiff is informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

51.     IWC Wage Order No.1-2001 paragraph 7(a) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work periods, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff is informed, and believes that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff believes that Defendant's records do not accurately reflect where Plaintiff and Plaintiff Class worked during their meal and/or rest breaks due to Defendant's failure to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to provide them with a meal and/or rest period.

52.     Plaintiff is informed and believes that Defendant's failure to keep accurate payroll records, as described above, violated Labor Code § 1174(d) and the applicable wage order.  Plaintiff and the Plaintiff Class are entitled to penalties of $100.00 and for the initial violation and $200.00 for each subsequent violation for every pay period during which these records and information was not kept by Defendants.

53.     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

54.     Plaintiff is informed and believe that Defendant's failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiff and Plaintiff Class are entitled to a statutory penalty of $500.00 for Plaintiff and each member of Plaintiff

CLASS ACTION COMPLAINT FOR DAMAGES

Class pursuant to Labor Code § 1174.5.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES

### (Plaintiff and Plaintiff Class against all Defendants)

55.    Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 54 as if fully alleged herein.

56.    Plaintiff and certain members of the Plaintiff Class who ended their employment with Defendants during the Class Period, were entitled to be promptly paid both minimum wage and lawful overtime compensation and other premiums, as required by Labor Code §§ 201-203. Defendants refused and/or failed to promptly compensate Plaintiff and Plaintiff Class wages owed as a result of their failure to pay Plaintiff and Plaintiff Class both minimum wage and overtime as a result of being required to take customer calls and carry a company issued cell phone while "on-call, as a result of Defendant's failure to provide meal and/or rest periods as well as pay overtime compensation.  Plaintiff and Plaintiff Class seek the payment of penalties pursuant to Labor Code § 203, according to proof.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION LAW

### (Plaintiff and Plaintiff Class against Defendant)

57.    Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 56 of this Complaint.

58.    California Business and Professions Code § 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibit unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

59.    California Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

60.    Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under

- 15 -

substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

61.    Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint including but not limited to violations of Labor Code §§ 204, 1197, 1198 of the 226.7 and 512 as well as other statutes.

62.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200 et. seq.

63.    The acts and practices described above constitute unfair, unlawful and fraudulent Business Practices, and unfair competition, within the meaning of Business and Professions Code § 17200 et. seq.  Among other things, the acts and practices have forced Plaintiff and other similarly situated employees to labor for many hours without receiving the meal and rest periods and to receive both minim wage and overtime compensation, to which they are entitled by law, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

64.    As a result of Defendant's acts, Plaintiff and Plaintiff Class have suffered injury in fact in being denied their statutorily entitled meal and rest periods and full compensation for hours of labor.  As a result of Defendant's unlawful acts of unfair competition, Plaintiff and Plaintiff Class have lost money and property in the form of a loss of wages in an amount to be proven at trial.

65.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Plaintiff Class have suffered lost wages in an amount to be proven at trial.

66.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate

CLASS ACTION COMPLAINT FOR DAMAGES

to prevent Defendant from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

67.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiff and Plaintiff Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them, during the four-year period prior to the filing of this Complaint.

68.     Business and Professions Code §17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

69.     Plaintiff's success in this action will enforce important rights affecting public interest, and in that regard Plaintiff sues on behalf of the general public, as well as himself and other similarly situated employees.  Plaintiff and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

70.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorney's fees from the recovery in this action.  Attorney's fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff Class pray for judgment as follows:

1. For nominal damages;

2. For compensatory damages;

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

3. For restitution of all monies due to Plaintiff and Plaintiff Class, and disgorged profits from the unlawful business practices of Defendant;

4. For waiting time penalties pursuant to Labor Code § 203, on behalf of the terminated or resigned employees;

5. For penalties, pursuant to Labor Code §§ 226, 226(e), 226.7, 512and 1194, and as provided for by Labor Code § 2699;

6. For interest accrued to date;

7. Injunctive relief, enjoining Defendants from engaging in the unlawful and unfair business practices complained herein;

8. Declaratory relief, enjoining Defendants' practices as being unlawful and unfair business practices within the meaning of Bus. & Prof. Code §§ 17200, et seq., and declaring Defendant has unlawfully treated Plaintiff and Plaintiff Class, failed to pay all wages and overtime compensation in violation of California law, failed to pay wages to former employees Plaintiff and other certain members of Plaintiff Class, failed to provide Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages, and declaring the amounts of damages, penalties, equitable relief, costs, and attorney's fees Plaintiff and Plaintiff Class are entitled to.

9. For costs of suit and expenses incurred herein pursuant to Labor Code §§ 226 and 1194;

10. For reasonable attorneys' fees, pursuant to Labor Code §§ 226 and 1194 and;

11. For all such other and further relief as the Court may deem just and proper.

Dated: March 9, 2017                    **MAHONEY LAW GROUP, APC**

Kevin Mahoney
Dionisios Aliazis
Alina Mazeika
Attorneys for Plaintiff CRESENCIO AVILA
and on behalf of all employees similarly situated

- 18 -

CLASS ACTION COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiff CRESENCIO AVILA, on behalf of himself and the class her seeks to represent, hereby demands a jury trial on all issues so triable.

Dated: March 9, 2017          **MAHONEY LAW GROUP, APC**

Kevin Mahoney
Dionisios Aliazis
Alina Mazeika
Attorneys for Plaintiff CRESENCIO AVILA
and on behalf of all employees similarly situated

- 19 -

CLASS ACTION COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Kevin Mahoney (SBN: 235367) / Dionisios Aliazis (SBN: 291170)
MAHONEY LAW GROUP, APC
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802

TELEPHONE NO.: (562) 590-5550    FAX NO.: (562) 590-8400
ATTORNEY FOR (Name): Plaintiffs Cresencio Avila

**FILED**
Superior Court of California
County of Los Angeles

**MAR 09 2017**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Shaunya Bolden

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Avila v. Amerigas Propane, Inc., et al.

CASE NUMBER: BC653093

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: ___  DEPT: ___ |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action (specify): 6
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 9, 2017

Alina Mazeika
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: Avila v. Amerigas Propane, Inc., et al. | CASE NUMBER BC653093 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES    CLASS ACTION? ✓ YES  LIMITED CASE?  YES  TIME ESTIMATED FOR TRIAL  5    HOURS/✓DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Avila v. Amerigas Propane, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Avila v. Amerigas Propane, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Avila v. Amerigas Propane, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>111 N. Hill Street |
|---|---|

| CITY:<br>Los Angeles, | STATE:<br>CA | ZIP CODE:<br>90012 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: March 9, 2017 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.