1  KEVIN MAHONEY (SBN: 235367)
   kmahoney@mahoney-law.net
2  DIONISIOS ALIAZIS (SBN: 291170)
   daliazis@mahoney-law.net
3  TREANA L. ALLEN (SBN: 302922)
   tallen@mahoney-law.net
4  MAHONEY LAW GROUP, APC
   249 East Ocean Blvd., Suite 814
5  Long Beach, CA 90802
   Tel: (562) 590-5550 / Fax (562) 590-8400
6
   Attorneys for Plaintiff CRESCENCIO AVILA
7

8  JOSEPH D. LEE (State Bar No. 110840)
   joseph.lee@mto.com
9  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
10 Los Angeles, CA  90071-1560
   Tel.: (213) 683-9100 / Fax: (213) 687-3702
11
   MALCOM A. HEINICKE (State Bar No. 194174)
12 malcom.heinicke@mto.com
   AARON D. PENNEKAMP (State Bar No. 290550)
13 aaron.pennekamp@mto.com
   MUNGER, TOLLES & OLSON LLP
14 560 Mission Street
   San Francisco, CA  94105-2907
15 Tel.: (415) 512-4000 / Fax:  (415) 644-6929

16 Attorneys for Defendant AMERIGAS PROPANE, INC.

17                    UNITED STATES DISTRICT COURT

18                    CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESENCIO AVILA, as an individual, and on behalf of all others similarly situated, | Case No. 2:17-cv-02867-GW(PJWx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Judge:   Hon. George Wu |
| AMERIGAS PROPANE, INC. and DOES 1 through 50, inclusive, | |
| Defendant. | |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public

37274105.1

disclosure and from use for any purpose other than prosecuting this litigation will be warranted. Accordingly, Plaintiff Crescencio Avila and Defendant AmeriGas Propane, Inc. hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1 <u>CONFIDENTIAL Information or Items</u>: Information (regardless of how it is generated, stored, or maintained), testimony, or a tangible thing that reveals or contains commercial or business information that is commercially sensitive, that is maintained as confidential in the normal course of business under the law or custom generally applicable to the business at issue and has not been released into the public domain; personal information (including without limitation social security, driver's license, resident registration, national pension, and public health insurance numbers; personal address, email address, and phone number; medical records; and compensation information) that is protected from disclosure by a state or federal constitution, statute, regulation, or other legal authority; and any other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure or applicable law.

2.2 <u>Challenging Party</u>: A Party or non-party that challenges the designation of information or items under this Order.

2.3 <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.5 <u>House Counsel</u>: Attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel or any other outside counsel.

2.6 <u>Outside Counsel</u>: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

37274105.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
-2-

2.7 <u>Party</u>: Any named party to this action, including all of its officers, directors, and employees. The term "Party" does not include the members of any putative or certified class other than the named class member.

2.8 <u>Producing Party</u>: A Party or non-party that produces discovery material in this action.

2.9 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

2.10 <u>Protected Material</u>: Any items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are designated as "CONFIDENTIAL."

2.11 <u>Receiving Party</u>: A Party that receives discovery material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING CONFIDENTIAL MATERIAL</u>

5.1 <u>Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Protective Order must exercise its reasonable good faith judgment in so designating. The designation by any Designating Party of any discovery material as "CONFIDENTIAL" shall constitute a representation that such discovery material has been reviewed by an attorney for the Designating Party, and that there is a reasonable good faith basis for such designation. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on the other Parties) expose the Designating Party to sanctions.

5.2 <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Protective Order (see, e.g., section 5.2.2 below), or as otherwise stipulated or ordered, discovery material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

5.2.1 <u>For information in documentary form</u> (e.g., paper or electronic documents produced as images, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page of any document that contains Protected Material. Where it is not practicable for a Designating Party to

affix a confidentiality designation to documents produced in electronic or native form, including Excel and PowerPoint documents, the Designating Party shall include the "CONFIDENTIAL" designation in the file name.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party will determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each document, or portion(s) thereof, that contains Protected Material in accordance with the procedures just described.

5.2.2 <u>For testimony given in deposition</u>, that the Designating Party identify on the record before the close of the deposition all protected testimony. Alternatively, a Designating Party may designate a deposition transcript or any portion of a transcript as protected testimony within 30 days after receipt of the final transcript from the court reporter, by sending to Outside Counsel for each Party a written notice identifying the transcript or a portion thereof (by pages and line numbers) that contain protected information and requesting that the transcript be marked as described in the next paragraph.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages and line numbers that have been designated as Protected Material and the level of protection being asserted by the Designating Party. Such legend and list shall be applied by the court reporter for designations that occur on the record of the deposition, and the Designating Party shall inform the court reporter of these requirements. In the event that the transcript or a portion thereof is designated as "CONFIDENTIAL" after preparation of the final transcript, the legend shall be applied by any recipient of the written notice described in the preceding paragraph, and (in the case of designations of less than the entire transcript) the Designating Party shall

37274105.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
-5-

provide a list of the designated pages and lines, which the recipient shall affix or append to any copies of the deposition in its possession (including electronic copies). If it so chooses, the recipient of such written notice may comply with the requirements of this paragraph by affixing the Designating Party's complete written notice, including the list of designated pages and lines, to the cover of each transcript.

Prior to the expiration of the 30-day period for designation, all deposition testimony shall be treated as if it had been designated "CONFIDENTIAL" unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Any Party may challenge a proposed designation of testimony given in a deposition as Protected Material. Upon such challenge, the Parties shall follow the procedures described in section 6 ("CHALLENGING CONFIDENTIALITY DESIGNATIONS"). Until such challenge is resolved, the designated transcripts or portions of transcripts shall be treated as "CONFIDENTIAL."

5.2.3 <u>For testimony given in other pretrial or trial proceedings</u>, that the Designating Party state on the record before the testimony commences that the Designating Party has a reasonable good-faith basis to believe the testimony will contain protected testimony and specify the level of protection being asserted. The Court shall take such reasonable steps as appropriate under the circumstances to protect such testimony from public disclosure, such as receiving the testimony in camera and designating the appropriate portion of the transcript as protected pursuant to the procedures set forth in section 5.2.2.

5.3 <u>Inadvertent Failures to Designate</u>: An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" shall not waive the Designating Party's right to secure protection under this Protective Order for such material. Upon correction of a designation, the Receiving Party shall thereafter treat materials so designated as "CONFIDENTIAL" as the case may be, and such materials, including any notes or other materials derived therefrom, shall be fully subject to this Protective Order as if they had been initially so designated. The Designating Party shall promptly supply replacement material that correctly applies the corrected designation. A Party that has disclosed discovery material that is

subsequently designated as "CONFIDENTIAL" shall in good faith assist the Designating Party in retrieving such discovery material from all recipients not entitled to receive such discovery material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms of this Protective Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>: Any Party or non-party may challenge a designation of confidentiality at any time. Such challenges shall be ordinarily made within 21 days of the designation; provided, however, that a Party does not waive its right to challenge a confidentiality designation by not mounting a challenge within such 21-day period.

6.2 <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice to the Producing Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly, either in person, via video conferencing service (such as Skype), or by telephone, within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be

37274105.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
-7-

accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 30 days (or 14 days, if applicable) shall waive the confidentiality designation for each challenged designation, absent extension agreed to by all Parties in writing, or a showing of a good faith basis for not filing the motion sooner. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting or defending this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 <u>Additional Parties</u>: In the event additional persons or entities become Parties to this Action, none of such Parties' counsel, experts, or expert consultants retained to

assist said counsel, shall have access to "CONFIDENTIAL" information or items produced by or obtained from any Designating Party until that Party has executed and filed with the Court its agreement to be fully bound by this Protective Order. No "CONFIDENTIAL" discovery material may be provided to such Parties' counsel, experts, or expert consultants unless and until such Party has executed and filed such an agreement with the Court. Thereafter, all the provisions of this order shall apply to such Party and its counsel, experts, and expert consultants, including those provisions requiring execution of a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A.

       7.3     <u>Disclosure of "CONFIDENTIAL" Information and Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

       7.3.1     The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A;

       7.3.2     Plaintiff Crescencio Avila, provided that he has first signed the "Declaration of Compliance" (Exhibit A), and the officers, directors, and employees (including House Counsel) of AmeriGas to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A);

       7.3.3     Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A), provided that such Experts must return to the Producing Party or destroy the original, any copy, or any notes of any "CONFIDENTIAL" materials no later than 60 days following final disposition of this action;

       7.3.4     The Court and its personnel;

       7.3.5     Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A);

    7.3.6  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Declaration of Compliance" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

    7.3.7  The author or any recipient of a document containing Protected Material or a custodian or other person who otherwise possessed or knew that material.

   8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

   8.1  Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   8.2  Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   8.3  Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in this protective order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

37274105.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
-10-

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation, whether pursuant to subpoena or by agreement, is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request in this litigation, to produce a non-party's Protected Material in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's Protected Material, then the Party shall:

9.2.1 Promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

9.2.2 Promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

9.2.3 Make the information requested available for inspection by the non-party.

9.3 If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's Protected Material responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a Court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has or may have disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

37274105.1

Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, including any notes or other materials derived therefrom; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; (d) request such person or persons to execute the "Declaration of Compliance" that is attached hereto as Exhibit A; and (e) provide a copy of the executed "Declaration of Compliance" to the Producing Party.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The inadvertent production or disclosure of any discovery material that is privileged or otherwise protected from discovery under Federal Rule of Evidence 502 or any other statutory or common-law rule, including without limitation under the attorney-client privilege and the work product doctrine, shall not constitute a waiver of any applicable privilege or protection, and no Party or non-party shall be held to have waived any rights by such inadvertent production or disclosure. As provided in Federal Rule of Evidence 502(d), disclosure connected with the present litigation shall not constitute a waiver in the present litigation or in any other federal or state proceeding.

If a claim of inadvertent production or disclosure is made pursuant to this Paragraph with respect to information then in the custody of another Party or non-party, such Party or non-party shall promptly return to the claiming Party or non-party, sequester, or destroy that material as to which the claim of inadvertent production or disclosure has been made and all copies thereof, and the receiving Party or non-party shall not use such information for any purpose, except as provided by Federal Rule of Civil Procedure 26(b)(5)(B). If a Receiving Party encounters any discovery material produced by another Party or non-party that the Receiving Party believes may be privileged or protected from discovery, and may have been produced inadvertently, such Receiving Party shall immediately cease any review of such material, sequester it, and promptly notify the Producing Party, in writing (which may be email), of the possibility that such material may be privileged and may have been inadvertently produced. The

37274105.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
-12-

Producing Party shall promptly advise the Receiving Party as to whether, in fact, such material was inadvertently produced.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>: Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Filing Protected Material</u>: Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(b) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(b)(ii) unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in section 4 ("DURATION"), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to

37274105.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
-13-

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 7, 2017         MAHONEY LAW GROUP, APC

                                 By: /s/ *Kevin Mahoney*
                                         Kevin Mahoney
                                         Counsel for Plaintiff Cresencio Avila

DATED: December 7, 2017         MUNGER, TOLLES & OLSON LLP
                                         JOSEPH D. LEE
                                         MALCOLM A. HEINICKE
                                         AARON D. PENNEKAMP

                                 By: /s/ Joseph D. Lee
                                         Joseph D. Lee
                                         Attorneys for Defendant AMERIGAS PROPANE, INC.

## ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: December 13, 2017

*Patrick J. Walsh*

Honorable Patrick J. Walsh
United States Magistrate Judge

Pursuant to Civil Local Rule 5-4.3.4(a)(2), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

37274105.1

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on December __, 2017 in the case of *Avila v. AmeriGas Propane*, No. 2:17-cv-02867-GW-PJW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

37274105.1